■ In the Matter of the Claim of ANTHONY CAMPANINI, Respondent, v. COLORADO FUEL & IRON CORPORATION, WICKWIRE SPENCER STEEL DIVISION

**928**

et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision and award for 100% loss of the left eye on the grounds that there is no substantial evidence to support the board's finding of causal relationship. On October 12, 1960 claimant, a pit recorder, sustained a blow from a hot steel cable to the bridge of his nose. This blow bruised and burned his nose, cheek and lower left eyelid. First aid was administered and claimant saw his doctor. It was not, however, until January 13, 1961 that claimant first sought medical treatment for a blurring of vision in his left eye. This blurring increased gradually until claimant completely lost all sight in his left eye. Dr. Addington, the specialist claimant was first referred to, Dr. Jacobs, the company physician to whom claimant first went for treatment, and Drs. Moscato and Montgomery who subsequently examined the claimant all unequivocally opined that claimant's affliction was caused by chlorioretinitis and that there was no causal relationship between the October 12 accident and claimant's loss of vision. Dr. Milch, who first examined claimant eight months after the accident, however, was of the opinion that the scar on the macula, the conceded cause of claimant's difficulty, was caused by a hemorrhage and the hemorrhage in turn by the October 12 accident. While we would hope that medical evidence would contain more certainty than revealed here, we cannot say that Dr. Milch's indefinite testimony, when viewed in light of the record as a whole, did not satisfy the requirement of *Matter of Ernest* v. *Boggs Lake Estates* (12 N Y 2d 414). This being the case it was within the fact-finding power of the board to accept such testimony and reject that of the other experts. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.